DA 10-0591

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 243N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

MICHAEL JOHN FARRELL,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 08-516(A)
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joslyn Hunt, Chief Appellate Defender; Lisa S. Korchinski, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Micheal S. Wellenstein, Assistant
Attorney General, Helena, Montana

          Ed Corrigan, Flathead County Attorney; Alison Howard, Deputy County
Attorney, Kalispell, Montana

Submitted on Briefs:  August 31, 2011

Decided: September 28, 2011

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Appellant Michael John Farrell (Farrell) appeals the District Court's order denying his motion to withdraw his guilty plea. We affirm.

¶3      The State of Montana (State) charged Farrell with two felony counts relating to the assault of Farrell's girlfriend at the campground where they had been living. The girlfriend informed the police that she and Farrell had been drinking on the night in question and started to argue when she told Farrell that she was going to leave him. The girlfriend claimed that Farrell beat her and knocked her cell phone to the ground when she tried to call the police. The girlfriend told police that Farrell had broken the cell phone.

¶4      The police found Farrell at the couple's cabin. They retrieved two cell phones. One of the cell phones apparently was the one that the girlfriend had used to attempt to call the police. Both phones were functioning. Police arrested Farrell and transported him to the Flathead County Detention Center.

¶5      Farrell provided his appointed counsel with a list of four witnesses whom he claimed could assist in his defense. The investigator for Farrell's counsel interviewed two of the four witnesses. Farrell's counsel claimed that these two witnesses failed to provide exculpatory information. Farrell alleged that the girlfriend had smashed her face when she tripped over a

2

root or a rock while drunk at the campground. The girlfriend had a blood alcohol content of 0.15 at the time that the police interviewed her.

¶6     The State and Farrell eventually entered into a plea agreement under which he entered a plea of no contest to criminal endangerment in return for a suspended sentence. Farrell failed to appear for his sentencing, however, and the State added a new bail jumping charge. Farrell then sought new counsel and attempted to withdraw his guilty plea on the criminal endangerment charge.

¶7     Farrell defended his failure to appear for his sentencing on the grounds that he had been conducting his own investigation. He claimed that the ownership records for the disputed cell phones had been locked in a safe owned by his friend. He claimed that the unnamed friend had been in Alaska until after the scheduled sentencing. Farrell claims that the cell phone records demonstrate that Farrell in fact owns both cell phones. He suggests that this chink in his girlfriend's credibility, along with the fact that both cell phones had been functioning when seized by the police, undermines her entire story. He argues that his counsel had been ineffective in failing to pursue this line of investigation. The District Court denied Farrell's motion to withdraw his guilty plea. Farrell appeals.

¶8     Farrell argues on appeal that his original counsel took no action to prepare a defense and failed to interview witnesses, including the alleged victim and hospital staff, before negotiating a plea agreement. We review de novo a denial of a motion to withdraw a plea. *State v. Ferris*, 2010 MT 252, ¶ 8, 358 Mont. 244, 244 P.3d 732. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions.

¶9     It is clear from the record and briefs before us that the District Court correctly denied Farrell's motion to withdraw his guilty plea. Farrell's attack on the credibility of his girlfriend proves unavailing. Farrell may have paid the bills for both cell phones, so he technically owned both cell phones. The girlfriend clearly used one of the phones, however, in her attempt to call the police. Farrell also knocked the cell phone to the ground as she attempted to call the police. The girlfriend never had the cell phone again before the police questioned her. The girlfriend's erroneous belief that Farrell had broken the cell phone fails to undermine the voluntariness of Farrell's plea.

¶10    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT

4